UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF MOORE,<br><br>                          Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>                         Defendant. | Case No.: 21-cv-1114 DMS (WVG)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff Surf Moore, a non-prisoner proceeding *pro se*, has submitted a Complaint along with a request to proceed *in forma pauperis* ("IFP").

**A.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court

prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks and citations omitted).

Here, Plaintiff's affidavit indicates he has no income or cash. (ECF No. 2.) Plaintiff reports a single asset: a motor vehicle valued at $15,000. (*Id.*) This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(a). Accordingly, the Court grants Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

### B. *Sua Sponte* Screening

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

The Complaint in this case is not a model of clarity, but the Court construes Plaintiff's claims thusly. Plaintiff alleges he attempted to procure firearms at a pawn shop in Jackson, Mississippi in May 2021, but was barred from doing so by the Bureau of Alcohol, Tobacco, Firearms and Explosives. (ECF No. 1 at 4.) Plaintiff further alleges "[San Diego] Law Enforcement was aiding [the National Security Agency] with the State of [Mississippi] to cover-up for [the 1979] Rose Bowl under Terry Donahue." (*Id.* at 5.) Plaintiff also alleges he was arrested for selling crack cocaine in 2003. (*Id.* at 6.) Plaintiff alleges this arrest was part of an entrapment scheme implemented by former California

---

Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

Governor Pete Wilson in order to infringe on his Second Amendment rights. (*Id.*) Based on these alleged facts, Plaintiff seeks a declaratory judgment and $5 million in punitive damages. (*Id.* at 7–10.)

Plaintiff cites the Second and Fourteenth Amendments to the United States Constitution, along with 42 U.S.C. §§ 1983 and 1985; 28 U.S.C. §§ 2202 and 1343; and 18 U.S.C. § 1491 as the basis for his claims. However, Plaintiff fails to allege sufficient facts to sustain these claims. Plaintiff's Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court therefore dismisses Plaintiff's Complaint for failure to state a claim on which relief can be granted. Because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court dismisses the complaint with prejudice. *Franklin v. Murphy*, 245 F.2d 1221, 1228 n. 9 (9th Cir. 1984).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED** with prejudice for failure to state a claim.

**IT IS SO ORDERED**.

Dated: June 30, 2021

Hon. Dana M. Sabraw
United State Chief District Judge